**Sampath Indika PORAMBA–LIYANAGE, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 06–2488–ag.

United States Court of Appeals, Second Circuit.

Nov. 6, 2007.

Visuvanathan Rudrakumaran, New York, NY, for Petitioner.

Paul I. Perez, United States Attorney for the Middle District of Florida, Tamra Phipps, Susan H. Rothstein–Youakim, Assistant United States Attorneys, Tampa, FL, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Sampath Indika Poramba–Liyanage, a citizen of Sri Lanka, seeks re-

view of an April 26, 2006 order of the BIA affirming the November 9, 2005 decision of Immigration Judge ("IJ") Michael Rocco, denying his motion to reopen. *In re Sampath Indika Poramba–Liyanage*, No. A97 915 777 (B.I.A. Apr. 26, 2006), *aff'g* No. A97 915 777 (Immig. Ct. Buffalo, New York, Nov. 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the agency denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. United States DOJ*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). Where, as here, the BIA affirms the IJ's decision in all respects but one, and supplements that decision with its own reasoning, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005); *Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005).

As an initial matter, we decline to review Poramba–Liyanage's argument that the record is insufficient to warrant review by this Court because this argument was not exhausted before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107, 119–20, 124 (2d Cir.2007). Similarly, because Poramba–Liyanage failed to exhaust his argument that the IJ utilized the wrong burden of proof in considering his motion to reopen, we further decline to reach that issue. *Id.*

Deportation hearings are civil, not criminal, proceedings. *Saleh v. United States Dep't of Justice*, 962 F.2d 234, 241 (2d Cir.1992). Therefore, in order for Poramba–Liyanage "to prevail on a claim of ineffective assistance of counsel, he 'must show that his counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause.'" *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir.1994) (quoting *Saleh v. United States Dep't of Justice*, 962 F.2d 234, 241 (2d Cir.1992)). Specifically, in order to meet the requirements for a claim of ineffective assistance of counsel, Poramba–Liyanage must allege facts sufficient to prove "1) that competent counsel would have acted otherwise, and 2) that he was prejudiced by his counsel's performance." *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (quoting *Esposito v. INS*, 987 F.2d 108, 111 (2d Cir.1993)).

Poramba–Liyanage's claim of ineffective assistance of counsel fails at the threshold stage, i.e. he fails to demonstrate that competent counsel would have acted differently in advising him. The record reflects that Poramba–Liyanage's prior counsel explained to him that his asylum claim was weak, and that voluntary departure was his best option. This tactical decision was reasonable where, as the IJ noted in his decision, the government stipulated to the maximum length of time for Poramba–Liyanage's voluntary departure period in exchange for his agreement to withdraw his asylum application.

Given these circumstances, it was not an abuse of discretion for the IJ, affirmed by the BIA, to deny Poramba–Liyanage's motion to reopen on a claim of ineffective assistance of counsel. The IJ, affirmed by the BIA, made clear his reasons for denying the motion to reopen, and was not acting in an arbitrary and capricious manner in so deciding. Because this issue is dispositive, we do not address the BIA's

findings regarding Poramba–Liyanage's failure to establish prima facie eligibility for relief.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).